IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,221-03






EX PARTE GERALD WAYNE JONES, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0722835D IN THE CRIMINAL DISTRICT COURT 1


FROM TARRANT COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated sexual assault of a child and originally sentenced to five years for each count, probated
for ten years. His probation was later revoked, and he was sentenced to five years' imprisonment
for each count, to be served consecutively. He did not appeal his conviction, although he did appeal
from the revocation of his probation.

 Applicant contends, inter alia, that the jury charge in this case allowed for non-unanimous
verdicts, and that his trial counsel rendered ineffective assistance because counsel failed to object
to the jury charge. Applicant also alleges that the prosecutor instructed the jurors that they not have
to agree unanimously as to which of the alternate methods of committing the offenses were proved
beyond a reasonable doubt.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. Trial counsel
has submitted one affidavit responding to Applicant's claims of ineffective assistance of counsel. 
However, that affidavit is factually inaccurate, and does not directly address the jury unanimity issue. 
The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of
counsel. Specifically, counsel shall state whether or not he was aware of a potential jury unanimity
issue arising from the disjunctive jury charges in both counts one and two. Counsel shall state
whether he objected to the charge, objected to the prosecutor's argument, or moved that the State
be required to elect which incident it intended to rely upon for a conviction in each count. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the indictment, the jury charge,
and a transcript of the closing arguments made by both parties at the guilt/ innocence phase. The
trial court shall make findings of fact and conclusions of law as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 30, 2013

Do not publish